ROB BONTA
Attorney General of California
DARRELL W. SPENCE (SBN 248011)
Supervising Deputy Attorney General
JENNIFER A. BUNSHOFT (SBN 197306)
DARIN L. WESSEL (SBN 176220)
KEVIN L. QUADE (SBN 285197)
SHATTI A. HOQUE (SBN 350250)
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3377
  Fax:  (415) 703-5480
  E-mail:  Jennifer.Bunshoft@doj.ca.gov
*Attorneys for Defendants Governor Gavin Newsom, Attorney General Rob Bonta and Superintendent Tony Thurmond*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHINO VALLEY UNIFIED SCHOOL DISTRICT**, a local educational agency; **OSCAR AVILA**, an individual; **MONICA BOTTS**, an individual; **JASON CRAIG**, an individual; **KRISTI HAYS**, an individual; **COLE MANN**, an individual; **VICTOR ROMERO**, an individual; **GHEORGHE ROSCA, JR.**, an individual; and **LESLIE SAWYER**, an individual,<br><br>                Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM**, in his official capacity as Governor of the State of California; **ROBERT BONTA**, in his official capacity as Attorney General of the State of California; and **TONY THURMOND**, in his official capacity as California State Superintendent of Public Instruction,<br><br>                Defendants. | 2:24-cv-01941- DJC-JDP<br><br>**DEFENDANTS' SUPPLEMENTAL LIST OF AUTHORITIES**<br><br>Judge: The Honorable Daniel Calabretta<br><br>Action Filed: July 16, 2024 |

Defendants submit the following list of authorities addressing standing to bring First Amendment Free Exercise claims:

*Am. Legion v. Am. Humanist Ass'n*, 588 U.S. 29, 82 (2019) (Gorsuch, J., concurring) (characterizing Supreme Court's standing doctrine under the Free Exercise Clause as having "bite," because a plaintiff generally must "show that his good-faith religious beliefs are hampered before he acquires standing to attack a statute under the Free-Exercise Clause.")

*Braunfeld v. Brown*, 366 U.S. 599, 615 (1961) (Brennan, J., concurring and dissenting)) (plaintiff must "show that his good-faith religious beliefs are hampered before he acquires standing to attack a statute under the Free-Exercise Clause of the First Amendment.")

*Foothills Christian Church v. Johnson*, 2023 WL 4042580, at *14-15 (S.D. Cal. June 15, 2023) (granting motion to dismiss First Amendment Free Exercise claim for lack of standing, even applying less "rigid" standing requirements to First Amendement Free Speech and Free Exercise claims under *Tingley v. Ferguson*, 47 F.4th 1055, 1066-67 (9th Cir. 2022), because the plaintiff still must show "there exists some conflict between one of its religious convictions and challenged governmental action," and "'indignation is not an injury that confers standing to sue' under the Free Exercise Clause,' citing *Am. C.L. Union of Ill. V. City of St. Charles*, 794 F.2d 265, 274 (7th Cir. 1986).)

*Foothills Christian Church v. Johnson*, 2024 WL 2306282, at *4, 10-12 (S.D. Cal. May 20, 2024) (in granting motion to dismiss First Amendment Free Speech and Free Exercise claims in amended complaint for lack of standing, district court again stated that although modern Supreme Court jurisprudence "has dispensed with rigid standing requirements" for First Amendment claims, "to acquire standing to pursue a Free Exercise claim, a plaintiff still must, at a minimum, show there exists some conflict between one of its religious convictions and a challenged governmental action," and a free exercise plaintiff generally must "show that his good-faith religious beliefs are hampered before he acquires standing to attack a statute under the Free-Exercise Clause.")

*Harris v. McRae*, 448 U.S. 297, 320-321 (1980) (the three categories of plaintiffs all lacked standing for their Free Exercise claims challenging the Hyde Amendment: (1) none of the

2

indigent pregnant women who sued on behalf of other women alleged that she sought an abortion under compulsion of religious belief;  (2) the two officers of the Women's Division failed to allege either that they are or expect to be pregnant or that they are eligible to receive Medicaid, and "therefore, lack the personal stake in the controversy needed to confer standing to raise such a challenge to the Hyde Amendment;" and (3) the Women's Division itself lacked standing because individual participation "is necessary in a free exercise case for one to show the coercive effect of the enactment as it operates against him in the practice of his religion.")

*McGowan v. Maryland*, 366 U.S. 420, 429 (1961) (appellants had no standing to raise a free exercise claim where they "allege only economic injury to themselves; they do not allege any infringement of their own religious freedoms.")

*Sch. Dist. of Abington Twp., Pa. v. Schempp*, 374 U.S. 203, 224 n.9 (1963) (holding the requirements for standing to challenge state action under the Free Exercise Clause "include proof that particular religious freedoms are infringed.")

*Tingley v. Ferguson*, 47 F.4th 1055, 1066-67 (9th Cir. 2022) (stating more relaxed pleading standards applied to plaintiff's First Amendment Free Speech and Free Exercise claims, based on less "rigid" standing analyses applied by Ninth Circuit in cases involving First Amendment Free Speech claims (specifically, *Lopez v. Candaele*, 630 F.3d 775, 781, 785-794 (9th Cir. 2010), *California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1094-95 (9th Cir. 2003), and *Libertarian Party of L.A. Cnty. v. Bowen*, 709 F.3d 867, 870 (9th Cir. 2013)), while still applying pleading standard that plainitff must show that threatened future injury is either "certainly impending" or that there is a "substantial risk" of the harm occurring to have standing.)

Dated:  January 2, 2025

Respectfully submitted,
ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General

*/s/ Jennifer A. Bunshoft*
JENNIFER A. BUNSHOFT
Deputy Attorney General
*Attorneys for Defendants Governor Gavin Newsom and Attorney General Rob Bonta*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Chino Valley Unified School District, et al. v. Gavin Newsom, et al.** | No. | **2:24-cv-01941-DJC-JDP** |

I hereby certify that on **January 2, 2025,** I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' SUPPLEMENTAL LIST OF LIST OF AUTHORITIES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **January 2, 2025,** at Los Angeles, California.

| J. Sissov | /s/ J. Sissov |
|---|---|
| Declarant | Signature |

SA2024303201
67327102.docx